UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LISA DESOMBRE, a natural guardian of A.H., a minor : <br> : <br> **Plaintiff** : <br> : <br> v. : <br> : <br> KB TOYS, INC., d/b/a KB TOYS : <br> : <br> **Defendant** : <br> : | C.A. No.: 07-CV- 22 <br><br> JURY TRIAL DEMANDED <br><br> COMPLAINT <br><br> FILED <br> JAN 11 2007 <br> U.S. DISTRICT COURT <br> DISTRICT OF DELAWARE |

**CIVIL ACTION COMPLAINT**

I.  **PARTIES, JURISDICTION AND VENUE**

Plaintiff, Lisa Desombre, being a natural guardian of A.H., a minor, individually, and through her undersigned counsel, hereby file the within Complaint and in support thereof aver as follows:

**THE PARTIES**

1. Plaintiff, Lisa Desombre, is an adult individual and at all times material hereto, is the the natural guardian and mother of A.H., a minor. Plaintiff presently resides at 53 Cape Henlopen Drive, #64, Lewes, DE 19958.

2. Defendant, KB Toys, Inc., d/b/a Kb Toys, is upon information and belief a Massachusetts corporation or other business entity which has its principal office for service of process at 100 West Street, Pittsfield, MA 01201-5702.

3. All of the acts alleged to have been done or not done by the defendant were done or not done by the agents, servants, workmen, and/or employees of the said defendant engaged then and there in the course and scope of their agency and/or

employment for or on behalf of the defendant, or alternatively, were done or not done by the said defendant individually.

4.  This Court has jurisdiction over this action pursuant to 28. U.S.C.A. §1332 (a)(1) in that the matter in controversy is between parties of different states and the amount in controversy exceeds, exclusive of interest and cost, the amount of Seventy-five Thousand ($75,000.00) Dollars.

5.  At all times relevant hereto, defendant, owned, operated, leased, managed, controlled, maintained and/or had dominion over the situs of plaintiff's accident, located within KB Toys, Dover Mall, US Route 13, #2040, Dover DE 19901.

6.  Venue is proper in this Court pursuant to 28 U.S.C.A.§1391, in that the situs of plaintiff's accident occurred within this judicial district.

## THE FACTS

7.  On or about January 15, 2005, plaintiff, Lisa Desombre and minor-plaintiff, A.H. (then age 5 - dob 10/05/1999) were business invitees of the Defendant KB Toys, inasmuch as they were patronizing the KB Toys store, within the Dover Mall, US Route 13, #2040, Dover DE 19901

8.  On the aforesaid date and at all times material hereto, the business property located at the above-address was owned, operated, managed, leased, maintained and/or controlled by defendant KB Toys.

9.  On the aforestated date and time, KB Toys, as a proprietor of the business establishment located at the premises, had all of the legal duties associated with maintenance and control of all of the store premises to reasonably ensure that said premises were reasonably safe for plaintiff, Lisa Desombre, minor-plaintiff, A.H., and

employment for or on behalf of the defendant, or alternatively, were done or not done by the said defendant individually.

4. This Court has jurisdiction over this action pursuant to 28. U.S.C.A. §1332 (a)(1) in that the matter in controversy is between parties of different states and the amount in controversy exceeds, exclusive of interest and cost, the amount of Seventy-five Thousand ($75,000.00) Dollars.

5. At all times relevant hereto, defendant, owned, operated, leased, managed, controlled, maintained and/or had dominion over the situs of plaintiff's accident, located within KB Toys, Dover Mall, US Route 13, #2040, Dover DE 19901.

6. Venue is proper in this Court pursuant to 28 U.S.C.A.§1391, in that the situs of plaintiff's accident occurred within this judicial district.

## THE FACTS

7. On or about January 15, 2005, plaintiff, Lisa Desombre and minor-plaintiff, A.H. (then age 5 - dob 10/05/1999) were business invitees of the Defendant KB Toys, inasmuch as they were patronizing the KB Toys store, within the Dover Mall, US Route 13, #2040, Dover DE 19901

8. On the aforesaid date and at all times material hereto, the business property located at the above-address was owned, operated, managed, leased, maintained and/or controlled by defendant KB Toys.

9. On the aforestated date and time, KB Toys, as a proprietor of the business establishment located at the premises, had all of the legal duties associated with maintenance and control of all of the store premises to reasonably ensure that said premises were reasonably safe for plaintiff, Lisa Desombre, minor-plaintiff, A.H., and

similarly situated business invitees and guests.

10. On the aforestated date, while plaintiff and minor-plaintiff, were shopping at KB Toys, plaintiff attempted to pull down a cardboard box containing a child's costume for sale (costume box) from a top store top shelf located above eye level.

11. Unbeknownst to plaintiff, a heavy-duty contractor's hammer (contractor's hammer) was situated above the costume box; approximately 8 feet from the floor. As plaintiff attempted to pull the costume box off of the top shelf, the contractor's hammer was caused to fall, and violently strike minor-plaintiff, A.H.'s head, causing minor-plaintiff to suffer serious, and possibly permanent injuries as set forth hereinafter.

12. The contractor's hammer fell approximately 4 ½ feet onto minor-plaintiff's head. The force and impact of the hammer striking the top of minor-plaintiff's skull, caused minor-plaintiff to fall to the ground, and become dazed and groggy.

13. Plaintiff immediately sought to speak to the KB Toy store manager, Shawna Talley (Talley). Plaintiff was informed by a defendant store clerk, "Melissa," that Talley was in the rear of the store. For more than 20 minutes, Talley failed/refused to appear to offer any assistance, or otherwise explain to plaintiff, how a contractor's hammer was caused to be left on top of box, on one of the store's shelves.

## COUNT I
## NEGLIGENCE

14. Paragraphs 1 through 13, inclusive, are incorporated as if set out more fully at length.

15. Defendant knew or should have known that said placement of the contractor's hammer, constituted an unreasonably dangerous and hazardous condition.

Defendant was at all material times herein, under an affirmative duty to reasonably safely maintain the premises, and failed to do so, as evidenced by the placement of, and failure to remove the contractor's hammer on top of a costume box on defendant's top shelf, which was the situs of Plaintiff's accident.

16. Despite defendant's knowledge of the existence of the aforesaid unreasonable and dangerous conditions of the premises, KB Toys negligently, carelessly, and/or recklessly exposed plaintiff, Lisa Desombre, minor-plaintiff A.H., and the other similarly situated invitees or guests, to said conditions.

17. The negligence, carelessness and/or recklessness of the defendant consisted of the following:

(a) Placing the contractor's hammer on the top of a costume box, on the top shelf of defendant's store. Defendant herein knew, or should have known that said contractor's hammer situated on top of a costume box, created a foreseeable hazard to business invitees, including plaintiff and minor-plaintiff;

(b) Allowing the contractor's hammer to remain on the top of a costume box, on the top shelf of defendant's store, thereby causing a foreseeably dangerous condition to plaintiff;

(c) Failing to provide and maintain proper inspection, maintenance, supervision and/or store assistance; the end result which enabled the contractor's hammer to be placed and remain on top of a costume box, on the top shelf of defendant's store;

(d) Failing to warn business invitees, including plaintiff and minor-plaintiff of the foreseeably dangerous, hazardous and unsafe conditions, caused by the placement of the contractor's hammer on top of a costume box, on the top shelf of defendant's store; and

(e) Failing to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives, of defendants herein, as to safe and proper procedures for inspecting, maintaining, securing, and/or rectifying the unsafe conditions, caused by the placement of the contractor's hammer on top of the costume box.

18. The circumstances under which minor-plaintiff, A.H., was injured were such that said injuries to the minor-plaintiff, could not have occurred on said premises except by the negligence, carelessness and/or recklessness of the defendant herein, and in no matter whatsoever to any act or failure to act on the part of either plaintiff, or minor-plaintiff.

## DAMAGES

19. Plaintiffs incorporate herein paragraphs 1 through 18 inclusive, as if fully set forth below at length.

20. As a direct and proximate result of defendant's liability causing conduct as set forth above, minor-plaintiff A.H., has been caused to suffer serious and possibly permanent head injuries, which have resulted in worsening symptoms; including but not limited to, notable problems with concentration and focus, frequent headaches, excessive grogginess and fatigue, speech difficulties, excessive blinking bodily injuries, and unexplained head movements.

21. As the result of the foregoing and the aforesaid symptomology, minor-plaintiff - presently age 7, and in second grade, has had increasingly difficult time with school, and with his school work.

22. As a result of the foregoing, minor-plaintiff was required to undergo multiple medical, neurological and neuro-psychological exams, tests and procedures, in an effort to diagnose and treat the aforementioned symptomology.

23. Plaintiff has been obligated to pay for minor-plaintiff's, doctor and medical bills and allege that it will be necessary in the future to incur additional hospital, doctor and medical bills which may be reasonable and necessary, all to their great

detriment and loss.

24. As a result of the injuries sustained in the aforestated occurrence, minor-plaintiff, A.H., has suffered a serious, and possibly permanent disability, which may possibly lead to a permanent impairment of earning power and capacity.

25. As a further result of defendant's liability causing conduct as heretofore set forth, and by reason of the injuries sustained, plaintiff has in the past incurred and may in the future continue to incur other financial expenses or losses.

26. By reason of the liability causing conduct of the defendant as aforesaid, plaintiff has been informed, and believe and allege that minor-plaintiff's injuries may be permanent. The injuries minor-plaintiff, A.H., sustained may be permanently disabling in nature, and he may be forever handicapped in the enjoyment of life and the earning of a livelihood.

**WHEREFORE**, Plaintiff Lisa Desombre, as parent and guardian of minor-plaintiff, A.H., demands judgment against Defendant KB Toys, Inc., d/b/a KB Toys, in an amount in excess of the seventy five thousand ($75,000.00) federal jurisdictional limits, plus attorney's fees, interest and costs of suit, and any other relief this court may deem to be proper.

By:

ROSEN, MOSS, SNYDER & BLEEFELD, LLP

MARC H. SNYDER, ESQUIRE
**Supreme Court I.D. No.3791**
Rosen, Moss, Snyder & Bleefeld, L.L.P.
**1813 Marsh Road, Suite D**
**Wilmington, DE 19810**
**(302) 475-8060**
**Attorney for Plaintiffs**

Dated: 1-12-07

07-022

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Lisa Desombre, a natural guardian of A JH, a minor

### DEFENDANTS
KB Toys, Inc., d/b/a KB Toys

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Marc H. Snyder, Esquire, Rosen, Moss, Snyder & Bleefeld, L.L.P.
1813 Marsh Road, Suite D, Wilmington, DE 19810 (302)475-8060

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE 1-8-07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 145999  AMOUNT $350.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

BY MAIL —