402075/17359

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| LISA DESOMBRE, a natural guardian of AJH, a minor, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | C.A. No.: 07-CV-00022 (JJF) |
| KB TOYS, INC., d/b/a KB TOYS, ) ) | TRIAL BY JURY OF 12 DEMANDED |
| Defendant. ) | |

### DEFENDANT K.B. TOYS, INC'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION IN LIMINE

COMES NOW Defendant, KB Toys, Inc. ("KB Toys"), by and through its counsel, and files this reply to plaintiff's opposition to defendant's Motion in Limine barring the introduction by plaintiff of a medical expert in this matter. In support thereof, defendant states as follows:

1. This case arises from an alleged incident occurring at the KB Toys Store at the Dover Mall in Dover, Delaware on January 15, 2005 wherein plaintiff alleges that her son, minor plaintiff, was struck in the head with a hammer due to the alleged negligence of KB Toys.

2. Pursuant to the trial scheduling order, plaintiff's expert deadline passed on July 2, 2008. (See Trial Scheduling Order attached hereto as Exhibit "A").

3. Allowing plaintiff to identify medical experts and produce a medical expert report after the deadline would not only severely prejudice the defendants but also, late identification has also and will continue to disrupt judicial economy. Defendant is unable

402075/17359

to identify or produce a medical expert witness and/or report to rebut plaintiff's medical expert within the confines of the trial scheduling order.

Contrary to plaintiff's assertions in her opposition to defendant's Motion in Limine, undersigned counsel has not been kept apprised of plaintiff's difficulties in getting her son the proper medical care. Furthermore, it is the obligation of the plaintiff to secure an extension of time for which to identify experts prior to the expiration of the deadline.

In fact, prior to the expiration of plaintiff's deadline to identify expert witnesses, plaintiff has taken her son to four separate experts, two neurologists and two neuropsychologists. Three of these experts have agreed with plaintiff's treating physicians, specifically that the plaintiff's son is average or above average and/or that his complaints cannot be attributed to the incident in K.B. Toys. Because undersigned counsel was not made aware that the plaintiff's son was seen by Dr. Sidhu until receipt of plaintiff's answering brief, undersigned counsel cannot as of the filing of this reply, comment as to the findings of Dr. Sidhu.

Specifically, minor plaintiff was seen by:

(a)   Dr. Nicodermus, a neuropsychologist, who performed a neuropsychological screen on Anthony in November of 2005 indicated that minor plaintiff scored either average or above average on nearly all the testing. Further, when tested for ADHD Anthony was found to be within average range. (See relevant portions of medical records of Dr Nicodermus attached hereto as Exhibit "B").

2

402075/17359

      (b)    Dr. Meehan, another neurologist, indicates that she cannot attribute Anthony's headaches to the January 15, 2005 incident at K.B. Toys. She further indicates that the degree of trauma was rather mild and that the headaches appear of tension type. (See relevant portions of medical records of Dr Zsolway attached hereto as Exhibit "C").

      (c)    Dr. Massari another neuropsychologist opined that Anthony was average and/or above average in almost all functions. Dr. Massari opined that while Anthony presented with some attention difficulties involving motor restlessness and impulsiveness, overall he is a bright youngster who has shown appropriate growth. (See relevant portions of medical records of Dr. Massari attached hereto as Exhibit "D").

      (d)    According to plaintiff's answering brief, plaintiff took her son to see Dr. Sidhu, in May or early June of 2008. Undersigned counsel was not aware of this appointment. As such, undersigned counsel cannot comment on Dr. Sidhu's finding. As an aside, these records have since been requested

      (e)    Then, according to plaintiff's answering brief, Ms. DeSombre took her son to see Dr. Grossinger, a board certified neurologist. Dr. Grossinger generated a report on July 22, 2008. More then three weeks after the deadline for plaintiff to identify and or produce medical experts and/or reports. Notably, Dr. Grossinger was not identified in either Ms. DeSombre's deposition or her responses to interrogatories as a "potential" expert.

    4.    A pre-trial conference is scheduled to commence on December 4, 2008. Contrary, to plaintiff's assertion in her answering brief, it is arbitrarily unfair for this

3

402075/17359

Court to expect defense counsel to linger for twenty-three days after the expiration of plaintiff's expert deadline while plaintiff "shops" for a doctor who will support her cause of action in this litigation. The undisputed record indicates that plaintiff has seen four experts prior to Dr. Grossinger's post-expert deadline exam.

5.  Plaintiff's recitation of the standard to be considered when determining whether to exclude an expert from testifying is correct. The four factors that must be considered when determining whether to exclude a witness from testifying are: (1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice, (3) the extent of the disruption of an orderly and efficient trial of the case, and (4) the bad faith or willingness of the non-compliance. Great Bay Hotel & Casino v. Tose, 34 F.3d 1227, 1236 (3rd Cir. 1994).

6.  However, plaintiff's analysis of these factors is inaccurate. Rather there is surprise and prejudice in allowing Dr. Grossinger to testify at trial. First undersigned counsel was not apprised of the issues plaintiff was having in securing an expert nor was undersigned counsel made aware, in formal or informal discovery or conversation with plaintiff's counsel, that plaintiff was taking her son to a consultative examination with Dr. Grossinger. In fact, had undersigned counsel been aware of this fact, a consultative examination with a defense expert would have been secured well within the confines of the defendants deadline in which to produce experts. Second, according to the Trial Scheduling Order, defendant's deadline to secure a defense expert passed on August 1, 2008 and dispositive motions are to be filed and served prior to September 1, 2008.

7.  Plaintiff had taken her son to four other experts prior to the expiration of the deadline, none of whom conclusively attributed plaintiff's son's alleged injuries to the

402075/17359

incident in question. As stated previously, defendant should not be prejudiced nor should judicial economy be disrupted so that plaintiff can continue to "shop" for a doctor who will support her cause of action

**WHEREFORE,** Defendant, KB Toys, moves this Honorable Court to issue an Order in Limine barring the introduction of expert testimony from Plaintiff.

HECKLER & FRABIZZIO

_____
DANIEL L. MCKENTY (I.D. No. 2689)
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE  19899-0128
(302) 573-4800
Attorney for Defendant

402075/17359

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LISA DESOMBRE, a natural guardian of AJH, a minor, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No.: 07-CV-00022 (JJF) |
| KB TOYS, INC., d/b/a KB TOYS, | ) ) | TRIAL BY JURY OF 12 DEMANDED |
| Defendant. | ) | |

## **PROPOSED ORDER**

NOW TO WIT, this _____ of _____ 2008, Defendants' Motion in Limine is hereby **GRANTED.**

IT IS SO ORDERED.

_____
J.

402075/17359

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| LISA DESOMBRE, a natural guardian of AJH, a minor, <br><br> Plaintiff, <br><br> v. <br><br> KB TOYS, INC., d/b/a KB TOYS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No.: 07-CV-00022 (JJF) <br> ) <br> ) TRIAL BY JURY OF 12 <br> ) DEMANDED <br> ) |

**CERTIFICATE OF SERVICE**

I, **Daniel L. McKenty**, hereby certify on 14th day of August 2008 copies of the attached Notice of Motion, Reply to Plaintiff's Answer to Defendant's Motion in Limine and Order were served on the following individuals via first class mail:

Marc H. Snyder, Esquire
Rosen, Moss, Snyder & Bleefeld, L.L.P.
1813 Marsh Road, Suite D
Wilmington, DE  19810

HECKLER & FRABIZZIO

_____
DANIEL L. MCKENTY (I.D. No. 2689)
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE  19899-0128
(302) 573-4800
Attorney for Defendant